STATE v. ROBERT REED.

192 N. W. (2d) 183.

November 12, 1971—No. 42338.

*C. Paul Jones,* State Public Defender, and *Doris O. Huspeni,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Paul J. Tschida,* Special Assistant Attorney General, *Robert J. Berens,* County Attorney, and *Wm. T. O'Connor,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Kelly, and Hachey, JJ.

PER CURIAM.

Appeal from a judgment of conviction following a jury verdict of guilty on a charge of aiding and abetting the crime of having sexual intercourse with a child. Minn. St. 609.295(3) and 609.05, subd. 1. Defendant asserts error, contending that (a) the conviction was secured through testimony of accomplices; (b) the evidence established abandonment of or withdrawal from commission of the offense; and (c) he was denied a fair trial because the jury was not impartial.

The asserted errors, viewed in context of the record, are without merit. Even though some of the witnesses who testified might be considered accomplices, there was sufficient other evidence to sustain the verdict. Minn. St. 634.04; State v. Mathiasen, 267 Minn. 393, 127 N. W. 2d 534 (1964); State v. Smith, 264 Minn. 307, 119 N. W. 2d 838 (1962). There was also sufficient evidence to establish that defendant was not entitled to the defense that he withdrew from participation in the offense before it was actually committed. Section 609.05, subd. 3; State v. Currie, 267 Minn. 294, 126 N. W. 2d 389 (1964). Nor does the record indicate bias or prejudice on the part of the jury despite the fact that some jurors may have read certain newspaper accounts or had some acquaintance with prosecutive personnel.

Affirmed.